I concur in the main opinion insofar as it affirms the trial court's award of costs to Hepburn to cover the expenses of her trial counsel and expert witnesses. However, I write separately to express my concern with the main opinion's affirmance of the trial court's decision to deny Super Foods's motion to alter, amend, or vacate the judgment or, in the alternative, for a judgment as a matter of law or for a new trial. Although it is not the function of this Court to reweigh the evidence and under the ore tenus standard we are to afford the trial court's determination a presumption of correctness, I simply do not believe that Hepburn presented clear and convincing evidence that her injury arose out of and in the course of her employment. Although Dr. Dubay testified that Hepburn's injuries were the result of her standing on her feet for excessive periods while she was at work, Dr. Rivard stated in his *Page 69 
deposition that he had no opinion as to whether Hepburn was injured on-the-job, and Gene Lawrence, part-owner of Super Foods, testified that Hepburn was not standing on her feet for excessive periods during the time in which she claimed to have suffered her injury. Given this conflict in the evidence, I do not believe that Hepburn carried her burden. In this regard, I dissent from the main opinion's decision to affirm the trial court's order insofar as that order denied Super Foods's motion to alter, amend, or vacate the judgment.